THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

EUGENE MANNACIO, on behalf of himself
and all others similarly situated,

              Plaintiff,

vs.

SOVEREIGN LENDING GROUP
INCORPORATED,

              Defendant.

Case No. 3:22-cv-05498-RSM

**DECLARATION OF ANTHONY I. PARONICH IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**NOTED FOR CONSIDERATION: AUGUST 9, 2023**

I, Anthony I. Paronich, declare as follows:

1.      The Settlement Fund will be used to pay a service payment to the Plaintiff, attorneys' fees and litigation costs, and class administration expenses approved by the Court. Plaintiff Eugene Mannacio will request a service payment of $10,000. Counsel will request an award of attorneys' fees and costs totaling no more than $166,666.67, and costs of approximately $20,000. Settlement Administrator Kroll Administration has estimated that it can administer the settlement for $81,780.00.

2.      This action was initially filed in the Northern District of California, *Mannacio v. Sovereign Lending Group Inc.*, No. 21-cv-9193 (N.D. Cal.), Doc. 1. Upon the stipulation of the parties and order of the court, the action was subsequently transferred to the Western District of

- 1

**Declaration of Anthony I. Paronich in Support
of Plaintiff's Unopposed Motion for Preliminary
Approval of Class Action Settlement**

113461.00602/126386656v.1

Washington and given the civil action number 22-cv-05498 ("the Action"). *See Mannacio*, No. 21-cv-9193 (N.D. Cal.), Docs. 43-44; *Mannacio v. Sovereign Lending Group, Inc.*, No. 22-cv-05498 (W.D. Wash.), Doc. 45. Following the transfer, the parties conferred and proposed a discovery plan and schedule. *Mannacio,* No. 22-cv-05498 (W.D. Wash.) Doc. 57. The Court then entered a scheduling order setting case deadlines, including setting the close of fact discovery as October 10, 2023. *Id.*, Doc. 59. The parties proceeded with written discovery and document production over the subsequent months.

3.     On May 11, 2023, the parties engaged in a day-long, arms-length mediation session with Judge S. James Ortero (Ret.) from JAMS. Although the parties did not reach a settlement during mediation, they continued their negotiations in the following days, coming to an agreement on the material terms of a class settlement and subsequently executing the Settlement Agreement on August 4, 2023.

4.     There are 19,648 Settlement Class Members. If ten percent (10%) of Settlement Class Members submit valid claims, each Authorized Claimant will be paid approximately $115. The amount each Settlement Class Member receives depends on the number of timely and valid claims submitted by Settlement Class Members. The amount will increase if the number of claims is less than ten percent. The amount will decrease if the number of claims is higher.

5.     The Settlement Agreement provides that any settlement administration and notice costs will be paid from the Settlement Fund. *Id*. § 2.1.5. Counsel propose to retain Kroll Settlement Administration as the Settlement Administrator, subject to Court approval. Kroll Settlement Administration estimates that it can carry out the Notice plan for $81,780.00.

6.     Class Representative Eugene Mannacio will request a service payment of $10,000, in recognition of his service to the Settlement Class. Plaintiff devoted significant time

- 2
**Declaration of Anthony I. Paronich in Support**
**of Plaintiff's Unopposed Motion for Preliminary**
**Approval of Class Action Settlement**
113461.00602/126386656v.1

assisting counsel in this case over the past several years, including assisting with development of the case participating in discovery and the mediation.

7.      Counsel will request that the Court approve an award of litigation costs of around $20,000 and reasonable attorneys' fees of $166,666.67.

8.      Counsel negotiated the settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case, having conducted significant fact discovery prior to the mediation.

9.      Counsel have extensive experience litigating and settling class actions, and consumer class actions challenging telemarketing practices in particular.

10.     Plaintiff is confident in the strength of his case but also pragmatic about the risks inherent in litigation and various defenses available to the Defendant.

11.     The Defendant maintains that the Plaintiff and the Settlement Class Members are not entitled to recover because they consented to be called on their phone numbers by providing their numbers to Sovereign Lending's agents in various ways. Plaintiff disputes that Sovereign Lending could meet this burden at trial; but if the trier of fact disagreed with Plaintiff on this legal issue, the Settlement Class would receive nothing.

12.     Sovereign Lending's consent defense also created the risk that a motion to certify under Rule 23(b)(3) would not succeed.

RESPECTFULLY SUBMITTED AND DATED this 9th day of August, 2023.

PARONICH LAW, P.C.

By:  _/s/ Anthony I. Paronich_____
        Anthony I. Paronich, *Admitted Pro Hac Vice*
        Email: anthony@paronichlaw.com
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400

- 3

**Declaration of Anthony I. Paronich in Support**
**of Plaintiff's Unopposed Motion for Preliminary**
**Approval of Class Action Settlement**
113461.00602/126386656v.1

Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorney for Plaintiff and the Proposed Class*

- 4

**Declaration of Anthony I. Paronich in Support
of Plaintiff's Unopposed Motion for Preliminary
Approval of Class Action Settlement**

113461.00602/126386656v.1