UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EUGENE MANNACIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOVEREIGN LENDING GROUP INCORPORATED,<br><br>Defendant. | Case No. 3:22-cv-05498-TMC<br><br>ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

Before the Court is Plaintiff Eugene Mannacio's unopposed motion for preliminary approval of a class action settlement. Dkt. 61. For the reasons explained below, the Court GRANTS the motion.

I. BACKGROUND

A. Litigation and Settlement Negotiations

Plaintiff Eugene Mannacio filed this putative class action lawsuit against Defendant Sovereign Lending, a mortgage and refinancing company, alleging that Sovereign Lending made unsolicited telemarketing calls to himself and others whose telephone numbers are listed on the National Do Not Call Registry. Dkt. 1. Mannacio alleged that Sovereign Lending violated the

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by placing unsolicited telemarketing calls to himself and other members of the putative class. *Id.* Sovereign Lending answered the complaint on February 18, 2022 and denied the allegations. Dkt. 24. The case was transferred to this district from the Northern District of California in July 2022, Dkt. 45, and reassigned to the undersigned judge on August 30, 2023.

After conducting written discovery, the parties engaged in private mediation and reached a settlement following post-mediation negotiations. Dkt. 62 at 2. The parties executed a Settlement Agreement on August 4, 2023. *Id.*

### B.     Proposed Settlement Terms

The parties filed their proposed Settlement Agreement at Dkt. 62-1. The Settlement Agreement defines the Settlement Class as:

> All persons or entities within the United States to whom Defendant or a third party acting on its behalf: (a) made one or more telephone calls, including while the call recipient's number was on the National Do Not Call Registry; and/or (b) made one or more calls after asking Defendant or a third party acting on Defendant's behalf to stop calling when that telephone number was obtained by the Defendant from The Money Source Inc.

Dkt. 62-1 at 9. According to the parties, the proposed settlement class includes 19,648 members. Dkt. 61 at 4.

The Settlement Agreement provides that Sovereign Lending will pay a gross amount of $500,000 into a non-reversionary Settlement Fund to be used for payments to class members as well as costs of administration and permitted attorney's fees, costs, and service awards. Dkt. 62-1 at 9. Class representative Mannacio will seek a service payment of $10,000, and Mannacio's counsel will file a fee petition seeking $20,000 in litigation costs and $166,666.67 in attorney's fees. Dkt. 62 at 1. The parties propose Kroll Settlement Administration as the Settlement Administrator and estimate that administration expenses will be $81,780. *Id.*; Dkt. 67 at 4. At the

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 2

Court's direction, Dkt. 64, Kroll Settlement Administration provided an additional declaration setting forth more detail regarding the costs of administration. Dkt. 67.

After these proposed deductions, the net settlement amount remaining for *pro rata* payments to class members is $221,553.33. The parties explain that if an estimated ten percent of class members submit valid claims, each claimant will receive approximately $115. Dkt. 61 at 5.

## II. DISCUSSION

### A. Standard for Preliminary Approval

Upon a motion for preliminary approval of a proposed class settlement, the Court must determine whether the parties have shown the court will "likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

When settlement is proposed before a class is certified, the Court must find the class would have been certified under Federal Rule of Civil Procedure 23(a) and (b). When deciding whether to certify a class, courts look at four factors: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1)–(4). Under Rule 23(b), the Court considers whether the type of action is one that may be maintained as a class. Fed. R. Civ. P. 23(b).

Courts also must find that the settlement terms are fair, adequate, and reasonable. To determine whether a settlement meets these standards, a district court must consider:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 3

Similarly, Rule 23(e) directs the Court to consider whether (A) the class representatives and their counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (v) if the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Because the Court can only conduct a full assessment of these factors after the final fairness hearing, "a full fairness analysis is unnecessary" at the preliminary approval stage. *Uschold v. NSMG Shared Services, LLC*, 333 F.R.D. 157, 169 (N.D. Cal. 2019). Instead, preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (internal quotation marks and citation omitted).

  **B.**  **The Settlement Class meets the requirements for preliminary certification.**

    *1.*  *Rule 23(a)(1): Numerosity*

A court may certify a class only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The proposed Settlement Class has 19,648 members, which satisfies this requirement.

    *2.*  *Rule 23(a)(2): Commonality*

Rule 23(a) also requires there be "questions of law or fact common to the class," known as the "commonality" requirement. Commonality requires that class members' claims "depend

upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, class members share a basic common contention that Sovereign Lending called numbers on the National Do Not Call registry, as well as common questions such as the source of class members' phone numbers. This satisfies the commonality requirement.

        3.     *Rule 23(a)(3): Typicality*

The typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Mannacio's claims are typical of class members' claims because they arise from the same course of alleged conduct: Sovereign Lending placing telemarketing calls to residential lines to sell its goods and services. *See, e.g.*, *Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 569 (W.D. Wash. 2012) (finding typicality satisfied where the representative's claims, "like all class members' claims, arise from text marketing campaigns commissioned by Papa John's franchisees and executed by the same marketing vendor").

        4.     *Rule 23(a)(4): Adequacy*

Rule 23(a) also requires the Court to find that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine adequacy, courts consider (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members," and (2) whether the named plaintiffs and their counsel will "prosecute the action vigorously on behalf of the class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). At this preliminary stage, there is no evidence that Mannacio or his counsel have conflicts of interest with other class members, or that they have failed to prosecute the action vigorously on behalf of the class.

     5.    *Type of action under Rule 23(b)*

Finally, in addition to the requirements of Rule 23(a), the Court must determine whether this is the type of action that may be maintained as a class under Rule 23(b). Mannacio seeks settlement class certification under Rule 23(b)(3), which provides that a class may be maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court agrees that class certification is appropriate because common questions (such as whether Sovereign Lending made telemarketing calls to numbers on the National Do Not Call registry and whether Sovereign Lending's alleged violations were knowing and willful) predominate, and a class action is superior to other methods of adjudication for thousands of relatively small-value claims. *See Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (class actions are superior for cases involving "multiple claims for relatively small individual sums").

    **C.**    **The Settlement Agreement meets the requirements for preliminary approval.**

"At the preliminary approval stage, a court determines whether a proposed settlement is within the range of possible approval and whether or not notice should be sent to class members." *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1063 (C.D. Cal. 2010) (cleaned up). "Preliminary approval amounts to a finding that the terms of the proposed settlement warrant consideration by members of the class and a full examination at a final hearing." *Hunichen v. Atonomi LLC*, No. C19-0615-RAJ-SKV, 2021 WL 5854964, at *4 (W.D. Wash. Nov. 12, 2021), *report and recommendation adopted*, No. 19-0615-RAJ-SKV, 2022 WL 4131590 (W.D. Wash. Sept. 12, 2022).

### 1. Settlement Process

"Where reached after meaningful discovery, arm's length negotiation, and conducted by capable, experienced counsel, a proposed class settlement is presumptively fair." *Id.* at *5 (collecting cases). A settlement reached "with the assistance of an experienced and respected mediator" is also evidence of meaningful negotiation. *In re Google LLC Street View Elec. Comms. Litig.*, 611 F. Supp. 3d 872, 891 (N.D. Cal. 2020). Here, the parties conducted written discovery, attended mediation with an experienced mediator, and then continued negotiating when the mediation failed to result in a settlement. Dkt. 62 at 2. Mannacio's counsel have significant experience litigating consumer class actions. Dkt. 63 at 2–3. At this stage, there is no evidence of collusion or bad faith by counsel or the parties.

### 2. Adequacy of Representation

As discussed above, the evidence presented at this stage shows Mannacio has been represented by experienced class counsel who have conducted timely discovery on the core questions at issue and negotiated a settlement following private mediation with an experienced mediator. There are no current warning signs calling into question the adequacy of representation. *See In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 569 (9th Cir. 2019).

### 3. Adequacy of Relief

The parties have shown that at this preliminary stage, the proposed settlement is "within the range of possible approval" and warrants notice to the class members. *True*, 749 F. Supp. 2d at 1063. If the parties' estimate of the number of class members who will file a claim is roughly accurate, the estimated per-claim payment of $115 exceeds payments approved in other TCPA settlements around the country. *See, e.g., Estrada v. iYogi, Inc.*, No. 2:13-01989-WBS-CKD, 2015 WL 5895942 at *7 (E.D. Cal. Oct. 6, 2015) (approving per-claim payment of $40); *Rose v.*

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 7

*Bank of Am. Corp.*, No. 5:11-cv-02390-EJD, 2014 WL 4273358 at *10 (N.D. Cal. Aug. 29, 2014) (approving per-claim payment of $20 to $40 and collecting other cases). The proposed service award and attorney's fees that plaintiff's counsel plan to request are in line with other cases, and the attorney's fees are subject to approval of the Court after counsel submits a fee petition. The Court's main concern continues to be the percentage of the fund taken up by costs of settlement administration. *See* Dkt. 64. The Court finds that at this stage the additional information submitted by the settlement administrator is sufficient to allow preliminary approval, but it expects the parties to address this topic at the final fairness hearing.

    4. *Notice Plan*

The Settlement Agreement contains a detailed notice plan consisting of direct mail postcard notice, a settlement website, an email account for questions regarding the settlement, and a toll-free telephone number. Dkt. 62-1 at 14–16. The Court finds that the notice plan satisfies the requirements of Rule 23(c) and (e). Fed. R. Civ. P. 23(e)(1); Fed. R. Civ. P. 23(c)(2)(B); *see also Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.").

### III. CONCLUSION

For the reasons explained above, the Court GRANTS plaintiff's unopposed motion for preliminary approval of class action settlement (Dkt. 61). The Court will separately enter the parties' proposed order on preliminary approval.

Dated this 2nd day of October, 2023.

                _____
                Tiffany M. Cartwright
                United States District Court Judge