**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| EUGENE MANNACIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SOVEREIGN LENDING GROUP INCORPORATED,<br>Defendant. | CASE NO.: 3:22-cv-05498-TMC<br><br>CLASS ACTION<br><br>**DECLARATION OF SCOTT M. FENWICK OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT** |

I, Scott M. Fenwick, declare as follows:

## INTRODUCTION

1. I am a Senior Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Settlement Administrator appointed in the above-captioned case, whose principal office is located at 2000 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with final approval of the settlement.

2. Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, labor and employment, consumer, and government enforcement matters. Kroll has provided notification and/or claims administration services in more than 3,000 cases.

## BACKGROUND

3. Kroll was appointed as the Settlement Administrator to provide notification and Claims administration services in connection with that certain Class Action Settlement Agreement (the "Settlement Agreement") entered into in this Action. Kroll's duties in connection with the settlement have and will include: (a) establishing a post office box for the receipt of mail; (b) receiving and analyzing the Class List from Sovereign Lending's Counsel; (c) preparing and sending notices in connection with the Class Action Fairness Act; (d) establishing a toll-free telephone number; (e) creating a Settlement Website with online Claim Form and Opt-Out Form filing capabilities; (f) preparing and sending the Postcard Notice via first-class mail; (g) establishing an email address to receive Settlement Class Member inquiries; (h) receiving and processing mail from the United States Postal Service ("USPS") with forwarding addresses; (i) receiving and processing undeliverable mail, without a forwarding address, from the USPS;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement (as defined below).

(j) receiving and processing Claim Forms; (k) receiving and processing Opt-Out Forms and objections; and (l) such other tasks as counsel for the Parties or the Court request Kroll to perform.

## NOTICE PROGRAM

**The CAFA Mailing**

4. On behalf of the Defendant, Kroll provided notice of the proposed settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("the CAFA Notice"). At Sovereign Lending's Counsel's direction, on August 21, 2023, Kroll sent the CAFA Notice, a true and correct copy of which is attached hereto as **Exhibit A**, via first-class certified mail, to (a) the Attorney General of the United States and (b) the fifty-six (56) state and territory Attorneys General identified in the service list for the CAFA Notice, attached hereto as **Exhibit B**. The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the documents relating to the settlement referenced in the CAFA Notice.

**Data and Case Setup**

5. On August 15, 2023, Kroll received one (1) data file from the Defendant. The data file contained 19,648 telephone numbers for Settlement Class Members. Pursuant to section 4.4.1 of the Settlement Agreement, in order to compile a comprehensive Class List with names and physical mailing addresses to provide Postcard Notice to Settlement Class Members, Kroll performed reverse telephone number searches utilizing two (2) commercially available databases. Kroll obtained a total of 19,475 names and physical addresses. The 19,475 names and addresses obtained through the reverse phone number searches were processed through the USPS's National Change of Address ("NCOA") database, and the Class List was updated with address changes received from the NCOA.

6. On August 10, 2023, Kroll designated a post office box with the mailing address *Sovereign Lending TCPA Settlement*, c/o Kroll Settlement Administration LLC, PO Box 5324, New York, NY 10150-5324, in order to receive Opt-Out Forms, Claim Forms, objections, and correspondence from Settlement Class Members.

7. On October 13, 2023, Kroll established a toll-free telephone number, (833) 383-7325, for Settlement Class Members to call and obtain additional information regarding the

1  settlement through an Interactive Voice Response ("IVR") system and/or by being connected to a
2  live operator. As of February 5, 2024, the IVR system has received seventy-two (72) calls, and three
3  (3) callers have been connected to live operators.

4      8. On October 25, 2023, Kroll created a dedicated Settlement Website entitled
5  www.SovereignTCPAClassAction.com. The Settlement Website "went live" on November 1,
6  2023, and contains information on the terms of the Settlement Agreement, including Settlement
7  Class Members' rights, important dates and deadlines, answers to frequently asked questions,
8  copies of the operative Complaint, Settlement Agreement, Preliminary Approval Order, Long-Form
9  Notice, Claim Form, Opt-Out Form, and Settlement Class Counsel's motion for a Fees, Costs, and
10 Expenses Award, contact information for the Settlement Administrator, and allowed Settlement
11 Class Members an opportunity to file a Claim Form or an Opt-Out Form online.

12     9. On October 26, 2023, Kroll established an email address,
13 info@SovereignTCPAClassAction.com, to receive Claim Forms, Opt-Out Forms, objections, and
14 reply to email inquiries from Settlement Class Members pertaining to the settlement.

15 **The Notice Program**

16     10. On November 1, 2023, Kroll caused 19,475 Postcard Notices to be mailed via first-
17 class mail. A true and correct copy the Postcard Notice, along with the Long-Form Notice, Claim
18 Form, and Opt-Out Form are attached hereto as **Exhibits C, D, E, and F,** respectively.

19 **NOTICE PROGRAM REACH**

20     11. As of February 5, 2024, eighty-two (82) Postcard Notices were returned by the
21 USPS with a forwarding address. The eighty-two (82) Postcard Notices were automatically re-
22 mailed to the updated addresses provided by the USPS.

23     12. As of February 5, 2024, 1,532 Postcard Notices were returned by the USPS as
24 undeliverable as addressed, without a forwarding address. Kroll ran 1,529 undeliverable records
25 through an advanced address search.[2] The advanced address search produced 1,175 updated
26 addresses. Kroll has re-mailed Postcard Notices to the 1,175 updated addresses obtained from the

27
28 [2] The remaining one (3) undeliverable Postcard Notices received to date were received after the advanced address search was run and therefore those records were not included in the search.

1  advanced address search. Of the 1,175 re-mailed Postcard Notices, twenty-four (24) have been
2  returned as undeliverable a second time.

3  13. Based on the foregoing, following all Postcard Notice re-mailings, Kroll has reason
4  to believe that Postcard Notices likely reached 19,094 of the 19,475 persons to whom Postcard
5  Notices were mailed, which equates to a reach rate of the direct mail notice of approximately
6  98.04%. This reach rate is consistent with other court-approved, best-practicable notice programs
7  and Federal Judicial Center Guidelines, which state that a notice plan that reaches[3] over 70% of
8  targeted class members is considered a high percentage and the "norm" of a notice campaign.[4]

## CLAIM ACTIVITY

14. The Response Deadline to submit a Claim Form was January 2, 2024.

15. As of February 5, 2024, Kroll has received 1,002 Claim Forms through the mail and 189 Claim Forms filed electronically through the Settlement Website. Kroll is still in the process of reviewing and validating Claim Forms.

16. To prevent Claim Forms from being filed by individuals outside the Settlement Class and to curtail fraud, Settlement Class Members were provided a unique "Claimant Identification Number" from their respective Postcard Notices. The Claimant Identification Number was required for Settlement Class Members to file a Claim Form online.

17. As of February 5, 2024, Kroll has received thirty-three (33) late Claim Forms.

18. Assuming that all claims are valid, Kroll estimates that claimants will receive between $165.00 and $175.00.

## EXCLUSIONS AND OBJECTIONS

19. The Response Deadline to submit an Opt-Out Form or objection was January 2, 2024.

---

[3] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[4] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation: A Pocket Guide for Judges, at 27 (3d Ed. 2010).

20. As of February 5, 2024 Kroll has received one (1) timely exclusion request and no objections to the settlement. A list of the exclusions received is attached hereto as **Exhibit G**.

## COSTS OF NOTICE PROGRAM

21. As of February 5, 2024, Kroll has billed $41,869.87 for services and fees incurred in the administration of this matter. Kroll estimates that it will bill an additional $49,000.00-$58,000.00 to complete the administration of this settlement. The current estimate is subject to change depending on factors such as the number of Claims remaining to be examined, number of Claims filed, and/or any settlement administration scope change not currently under consideration. This estimate is based on Kroll's many years of experience administering class action settlements.

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on February 6, 2024, in Inver Grove Heights, Minnesota.

*Scott M. Fenwick*
SCOTT M. FENWICK