THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

EUGENE MANNACIO, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

SOVEREIGN LENDING GROUP INCORPORATED,

Defendant.

Case No. 3:22-cv-05498

**FINAL APPROVAL ORDER**

On February 27, 2024, this Court heard the motion for final approval of the class action settlement and for entry of judgment, as well as the motion for attorneys' fees, costs, and service payment, filed by Plaintiff.[1] *See* Dkt. Nos. 70-73. This Court reviewed: (a) the motions and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsel's arguments. Based on this review and the findings below, the Court found good cause to grant the motions.

**FINDINGS:**

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

- 1

1.      Upon review of the record, and in accordance with Fed. R. Civ. P. 23, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by Sovereign Lending Group Incorporated ("Sovereign Lending") in its pleadings and throughout the litigation that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the lack of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2.      The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Sovereign Lending's Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator, Hon. S. James Otero (Ret.).

3.      The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments, the relief provided for the class is adequate, and class members are treated equitably relative to one another.

4.      Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the

settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5. Sovereign Lending served, through the settlement administrator, a copy of the notice pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6. Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class's interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7. For settlement purposes only, there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Settlement Class Members.

8. For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

9. For the reasons stated in the Preliminary Approval Order, and having received no objections, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

10. An award of $166,666.67 for Attorney Fees and $19,228.94 for Expenses to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

- 3

11.     A Service Payment to Plaintiff of $10,000 is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

12.     Reimbursement of the Settlement Administrator's costs (estimated at $99,869.87) in accordance with Section 2.1.5 of the Settlement Agreement is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the Settlement.

**IT IS ORDERED THAT:**

13.     Settlement Class Members. The Settlement Class is certified as a class of All persons or entities within the United States to whom Defendant or a third party acting on its behalf: (a) made one or more telephone calls, including while the call recipient's number was on the National Do Not Call Registry; and/or (b) made one or more calls after asking Defendant or a third party acting on Defendant's behalf to stop calling when that telephone number was obtained by the Defendant from The Money Source Inc.

14.     Binding Effect of Order. This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 13 of the Preliminary Approval Order. This Order does not bind persons who filed timely and valid requests for exclusion.

15.     Release. Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Sovereign Lending from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either

directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Sections 1.23-1.25, 1.34, and 2.2.1 of the Settlement Agreement and are specifically incorporated herein by this reference.

16. Class Relief. Sovereign Lending is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

17. Cy Pres Distribution. Pursuant to Paragraphs 1.9, 3.5, 3.6, and 3.8 of the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the Electronic Privacy Information Center.

18. Miscellaneous. No person or entity shall have any claim against Sovereign Lending, Sovereign Lending's Counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

19. Court's Jurisdiction. Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties for all purposes related to this settlement.

20. The Court grants final approval of the class action settlement and approves the Settlement Agreement.

SO ORDERED this 1st day of March, 2024.

- 5

Tiffany M. Cartwright
United States District Judge

- 6